[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Petitioner Bernard Thomas was convicted after a jury trial of robbery in the first degree in violation of C.G.S. Sec. 53a-134(a)(3), kidnapping in the first degree in violation of C.G.S. Sec. 53a-92(a)(2)(B), carrying a dangerous weapon in violation of C.G.S. Sec. 53-206, and burglary in the first degree in violation of C.G.S. Sec.53a-101(a)(1). On August 5, 1987 he received a total effective sentence of 33 years imprisonment, suspended after 20 years. On direct appeal, State v. Thomas, 210 Conn. 199
(1989), the conviction was affirmed on all charges except that the conviction (and concurrent sentence) on the burglary charge was set aside and a judgment of acquittal directed on that charge. The facts relevant to his conviction are set forth in the direct appeal, id., 201-02. The underlying CT Page 2364 criminal incident involved Petitioner's aborted robbery of a convenience store.
Petitioner now challenges his conviction by this petition for writ of habeas corpus claiming ineffective assistance of his public defender trial counsel, Attorney Susan O. Storey. He essentially claims trial counsel was ineffective for: (1) failing to investigate the authenticity and completeness of the copy of the store video surveillance tape admitted at trial; (2) failing to advise Petitioner to testify in his own defense; and (3) failing to withdraw because of a breakdown in the attorney-client relationship. In support of his claims, Petitioner at this habeas hearing offered the testimony of himself, Attorney Storey, an expert on video taping, and a legal expert.
This Court must conduct an analysis of the ineffectiveness claims under the two-pronged standard of Strickland v. Washington, 466 U.S. 688 (1984), requiring a petitioner to establish both (1) deficient performance and (2) actual prejudice. Commissioner of Correction v. Rodriquez, 222 Conn. 469, 477-79 (1992).
The first prong, "deficient performance," requires a petitioner to establish that trial counsel's performance was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law, Summerville v. Warden, 29 Conn. App. 162, 170
(1992); that counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment." Strickland v. Washington, supra, 687. A criminal defendant is "not entitled to error free representation, only representation falling within the range of competence demanded of attorneys in criminal cases." Commissioner of Correction v. Rodriquez, supra 478
The second prong, "actual prejudice," requires a petitioner to establish that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. In this context, the "reasonable probability" test does not require a showing that counsel's deficient conduct more likely than not altered the outcome in the case, but rather merely requires a petitioner to establish "a probability sufficient to undermine confidence in the outcome." Bunkley v. CT Page 2365 Commissioner of Correction, 222 Conn. 444, 445-46 (1992).
Petitioner has failed in his burden of proof on either prong of the Strickland standard. In fact, the credible evidence is contrary to his claims.
Petitioner's first claim concerns the video tape of the underlying criminal incident recorded on the store's surveillance camera, admitted at trial and viewed by the jury. See State v. Thomas, supra, 202. Since the camera was not switched on until after the store clerk had been forced into the rear room, the tape showed only the subsequent events commencing with Petitioner's attempted larceny. On the eve of trial, Attorney Storey discovered that the tape there to be offered was not the original, but a copy thereof apparently made by store personnel. That copy, admitted at trial as the State's Exhibit D, was admitted and shown at this habeas hearing as Petitioner's herein Exhibit A. Petitioner now asserts that trial counsel was deficient in not investigating the authenticity and completeness of the copy and in not objecting to its admission.
In particular, Petitioner asserts that the camera was on when he first entered the store, and that a complete and untampered-with tape would support his version of the incident, namely that the clerk was already voluntarily in the back room when Petitioner reentered the store ostensibly with the funds to pay for the items he had initially selected. He asserts that his only crime was attempted larceny for which he should have received no more than a 90-day sentence, and perhaps also criminal trespass. He apparently communicated this version to trial counsel after trial counsel had viewed the video and advised Petitioner of its limited content. Accordingly, trial counsel did not object to admission of the tape copy, since it supported the theory of defense.
William Barrett, Petitioner's video expert at this hearing, testified that he had viewed and analyzed both the subject tape copy and the original. He found no differences (other than "generational loss") between the two, and also concluded that the copy had not been tampered with. The inquiry devolved into whether material had been deleted from the original. CT Page 2366
Testimony at the underlying criminal trial indicated that the camera was programmed automatically to start at noon and shut off at midnight of each day. Time sequences show on the tape. These show that the camera shut off at two seconds before midnight of the previous day, and commenced at 5:46:17 a.m. on the day in issue. This accords with the store clerk's testimony.
There was an approximate 15 second gap between stop and start, which could translate to approximately 7 1/2 minutes of actual time. Mr. Barrett stated that such a considerable gap is normal, its length depending upon the particular piece of equipment, and that this specific gap was not abnormally large. He could find no "solid indication" of deletion of any material, nor any evidence of tampering with the indicated time sequences. In short, Petitioner's video expert did not support his claim.
Petitioner's claim respecting this tape is at best purely speculative. It is wholly dependent upon his above-recited version of the incident, a version which is contrary to the credible evidence and is not plausible.
Trial counsel's decision not to contest admission of the copy was an exercise of reasonable professional judgment. Summerville v. Warden, Supra, 176. Moreover, Petitioner, with knowledge that this tape was a copy, instructed trial counsel in writing not to try to suppress it, "because it is consistent with my defense." (Resp. Ex. 2).
Petitioner next asserts that trial counsel should have advised him to testify, and should have subpoenaed for trial testimony both the store owner and the customer who came into the store during the incident. Petitioner has not established any credible benefit to be derived from the testimony of the owner or customer.
There are significant unreconcilable differences between Petitioner's testimony at this hearing on relevant events, and the testimony respecting the same of trial counsel at this hearing and of material prosecution witnesses at the criminal trial. Petitioner's version of the underlying incident is not plausible, and affects other relevant issues of credibility. Even his legal expert, Attorney Michael Graham, opined that had Petitioner testified at trial, the CT Page 2367 jury probably would not have believed him.
Petitioner had a prior criminal record. A motion in limine to exclude evidence of the same was denied at trial. Trial counsel discussed with Petitioner the pros and cons of his taking the stand and left the decision to him. He decided not to testify. He was canvassed on this subject at trial by the trial judge, and confirmed his decision not to testify.
Petitioner's claim respecting withdrawal of trial counsel is likewise without merit. At their first meeting, Petitioner was shown the police report (Resp. Ex. 1) and admitted its accuracy. His expressed dissatisfaction with trial counsel purports to stem in no small part from counsel's advice that he accept a plea bargain. Even his legal expert here opined that the evidence was so strong that Petitioner should have taken a plea bargain. Petitioner's oral motion for the appointment of new counsel was denied at trial. It is conceded that just as his failure to appeal from that denial here constitutes deliberate bypass, trial counsel's thereafter failure to withdraw cannot constitute ineffectiveness.
Near the close of this hearing, Petitioner presented two additional ineffectiveness claims not specified in his petition. These concerned a failure to challenge the jury array and a failure to object to assertedly impermissible comments on Petitioner's failure to testify made by the prosecutor in his closing argument. Neither of these claims was supported by Petitioner's legal expert.
The petition is dismissed.
BY THE COURT, David L. Fineberg Judge, Superior Court CT Page 2368